*Library*

IN THE SUPERIOR COURT OF GUAM

SUPERIOR COURT
OF GUAM

2012 FEB 24 PM 3: 33

PEOPLE OF GUAM,                          )        CRIMINAL CASE NO. CM279-11
                                         )
                 vs.                     )        **DECISION AND ORDER**
                                         )            (Motion to Dismiss)
TIMOTHY GEORGE PARALIZA,                 )
                                         )
                           Defendant.)
_____

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on December 22, 2011 for Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant was not present, but was represented by Attorney Suresh Sampath. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the oral arguments, briefs, and materials filed herein now renders the following decision.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo,* 2011 Guam 14 (hereinafter referred to as *Rasauo II*"), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II,* this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on May 6, 2010 and given a notice to appear ("NTA") with a date of April 27, 2011. On March 9, 2011, the Complaint was filed, but no summons was issued[2]. *Id.* at ¶ 7. Defendant appeared on April 27, 2011 and was appointed counsel. In order to

---

[1] This holding is hereinafter referred to as the "60 day rule."
[2] Unlike the facts in *Rasauo II*, the Court notes that a summons is now required to automatically be issued on all misdemeanors, upon a filed complaint and affidavit, even when the People do not request for a summons, after a probable cause determination is made. 8 GCA § 15.20(a). Also, currently, all persons arrested for DUI charge are

provide Defendant the opportunity to meet and confer with counsel, the arraignment was continued until June 1, 2011, thirty-five (35) days later. The arraignment did not occur on June 1, 2011 due to absence of the arraignment magistrate; thus it was continued for thirty-five (35) days later on July 6, 2011. Defendant was finally arraigned on July 6, 2011, which is more than sixty (60) days after the Complaint was filed.

The Court notes that the People concede that there is no good cause for the delay between the filing of the Complaint and the NTA date forty-nine (49) days later. This amount of delay does not violate the 60 day rule announced in *Rasauo II*; thus the Court will review the other delays to determine if the time after May 9, 2011[3] constitutes good cause or if this case must be dismissed for the 60 day rule violation.

The Court must first determine if the time the Court allows a defendant to meet and confer with counsel prior to being arraigned is reasonable and constitutes good cause. For all of the following reasons, the Court determines that the first delay of thirty-five (35) days that the Court allowed Defendant to meet and confer with counsel prior to being arraigned is unreasonable and does not constitute good cause. Title 8 Guam Code Annotated section 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing this with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. *Hamilton v. Alabama*, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. *See e.g. Huston v. Com.*, 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005). Further, the concerns of Guam's Supreme Court in *People v. Rasauo*, 2011 Guam 1, are not present when a defendant is appointed counsel and the delay between the Complaint and the arraignment is partially attributed to the time necessary for a defendant to meet and confer with his appointed attorney. 2011 Guam 1 ¶ 53(quoted by *Rasauo*, 2011 Guam 14 ¶ 10).

brought before a magistrate for a probable cause determination prior to being released; therefore, a NTA is not issued.

[3] The sixtieth day falls on Sunday, May 8, 2011; thus pursuant to 8 GCA § 1.25(a), the sixtieth day becomes May 9, 2011.

In this case, Defendant argued that a reasonable amount of time for a defendant to meet and confer with an attorney prior to arraignment is no more than one (1) week. *See e.g.* Decl. of PDSC Investigator Sea Aguon Cruz, CM279-11 (Dec. 19, 2011). The Office of the Attorney General has argued in several cases that any delay of arraignment occasioned by a continuance granted by the magistrate court should be excused as good cause. The Court disagrees that a bright line rule of any delay caused by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II. Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers … to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See also People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012).

Further, the Court rejects the contention that any length of delays caused by the time provided to a defendant to meet and confer with an attorney is automatically good cause. The Court finds that a reasonable amount of delay attributed to the time a defendant needs to meet and confer with an attorney is good cause for purposes of the 60 day rule. *Cf. Flores*, 2009 Guam 22 ¶ 38. Since the onus is on all judicial officers and the prosecuting attorneys to ensure that a defendant is promptly arraigned, the Court holds that reasonable time, in the context of a continued arraignment after a defendant is appointed counsel, means no more than thirty (30) days[4]. 8 GCA § 80.50(a). Therefore, the Court finds that thirty-five (35) days is an excessive amount of time for a court to provide a defendant to meet and confer with his attorney prior to being arraigned; hence the Court finds no good cause for this violation of the 60 day rule.

The second delay in this case occurred because there was not a magistrate judge on the original hearing scheduled for arraignment. The Court takes judicial notice of the fact that there was no magistrate judge on June 1, 2011. The delay in a criminal case due to the unavailability of a judge has been found to be good cause in exceptional circumstances. *Gill v. Superior Ct. of*

---

[4] The Court encourages the arraignment judge to consider only granting continuances for a defendant to meet with appointed counsel of two (2) weeks or less in light of the *Rasauo II* decision; however, the Court accepts that up to thirty (30) days is reasonable.

*Guam*, 1996 WL 875781, *4 (D. Ct. Guam Oct. 4, 1996). However, there is no showing of exceptional circumstances for delay that commenced on June 1, 2011. It is also of note that since the onus is on all judicial officers to ensure that a defendant is promptly arraigned, the arraignment might have been continued to the following week, but instead it was continued for over a month. Therefore, the Court finds that the unreasonable delay caused by the unavailability of a magistrate to arraign Defendant, more than 60 days after the Complaint was filed, is not good cause. Thus, this delay in this case is per se unreasonable, hence this case should be dismissed for the violation of the 60 day rule.

Lastly, the Court must determine if the dismissal should be with or without prejudice. The Court is persuaded by the People's argument[5] that the dismissal should be without prejudice. Guam's Supreme Court declined to hold that all violations of the 60 day rule requires a dismissal with prejudice. *Rasauo*, 2011 Guam 14 ¶ 16("The issue of whether or not the case should be dismissed with or without prejudice should be decided in the first instance by the trial court."). This is in contrast to other criminal cases Guam's Supreme Court has addressed, where the case was dismissed with prejudice based upon a finding that there was a statutory bar to re-prosecution of the defendants in those cases. *People v. Villapondo*, 1999 Guam 31; *People v. Palomo*, 1998 Guam 12. The People correctly assert that in this circumstance, there is not a statutory bar to re-prosecution, instead the 60 day rule is explicitly dependent on statutory interpretation. *Rasauo*, 2011 Guam 14 ¶ 13; *People v. Stephen*, 2009 Guam 8 ¶¶ 35-36.

Therefore, the Court considers "a showing of prejudice or any other factors" to determine if dismissal with prejudice is appropriate. *Palomo*, 1998 Guam 12 n.8(quoted by *Villapondo*, 1999 Guam 31 ¶ 52). *Cf.* 18 U.S.C. § 3162(a)(2). Defendant does not make a showing of prejudice, rather argues that dismissal without prejudice renders the meaning of Rasauo meaningless if the People can re-indict him in the future. *But see Stephen*, 2009 Guam 8 ¶ 11. Therefore, as there is not a showing of prejudice, the Court will look at other factors used to determine if dismissal with prejudice is required here.

---

[5] This issue was raised orally, not in the written opposition.

"Dismissal of an indictment is a disfavored remedy. ... Indictments are rarely dismissed for alleged government misconduct which occurs outside the Complaint process because such misconduct must be "grossly shocking and so outrageous as to violate the universal sense of justice."" *People v. Marada*, 1995 WL 604365, *1 (D. Guam App. Div. Sep. 18, 1995)(internal citations omitted). *See also Stephens*, 2009 Guam 8 ¶ 21(discussing dismissal for unnecessary delay should occur "only in extreme circumstances"); *People v. Gutierrez*, 2005 Guam 19 ¶¶ 61-70(discussing dismissal based on finding the People acted in bad faith). In this case, there is no alleged government misconduct or bad faith on the part of the People[6]. Instead, there is a violation of the 60 day rule, which was recently announced in *Rasauo II*, which requires dismissal, but not necessarily dismissal with prejudice.

Additionally, dismissal with prejudice is sometimes used by Courts to send a strong message to prosecutors who have consistently violated defendants' rights and force them to reduce pretrial delays in general. *U.S. v. Perez*, 2011 WL 2294194, *3 (D. Ct. Guam Jun. 8, 2011). *Stephens*, 2009 Guam 8 ¶ 21("If a court is to apply the harsh rule of dismissing a criminal case with prejudice... it must either establish local rules ... or warn the prosecution that further delay could jeopardize the case."). However, the violation of a defendant's prompt arraignment right is not an issue this Court has been asked to address in relation to arraignments that occurred after *Rasauo II* was issued. Instead, this Court is merely addressing motions to dismiss based on delays that occurred before the 60 day rule was announced, leading this Court to believe that the People do not require a strong message from this Court to ensure that they are now respecting a defendant's right to prompt arraignment. This factor weighs in favor of dismissal without prejudice.

Further, in this circumstance, dismissal without prejudice can not be seen as condoning the People's behavior, because neither the People nor the Court were aware of the 60 day rule at the time of the delay of the Defendant's prompt arraignment. *Id.* This factor weighs in favor of dismissal without prejudice.

---

[6] All of the procedural facts of this case occurred before the promulgation of *Rasauo II*, therefore, there can be no finding that the People intentionally violated the 60 day rule.

In this scenario, Defendant's constitutional rights are not implicated, thus the Court should weigh the violation of Defendant's right to a prompt arraignment with the competing interest "of society to be secure from crime through the regular enforcement of the criminal laws." *Gutierrez*, 2005 Guam 19 ¶ 68(internal citation and quotation omitted). Upon balancing these factors as well as taking into consideration of lack of showing of prejudice the Court determines that dismissal without prejudice is most appropriate.

There are one hundred fifty-four (154) days between the filing of the Complaint and Defendant's arraignment. As indicated above, there is not good cause shown for the entire duration of the violation of the 60 day rule. Therefore, Defendant's Motion is GRANTED in part. *Rasauo*, 2011 Guam 14 ¶ 16. The Court finds that Defendant was not promptly arraigned pursuant to 8 GCA § 60.10(a); therefore, the Court is DISMISSING this case without prejudice.

**IT IS SO ORDERED** this __ of February, 2012.

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam.

FEB 2 4 2012

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam